# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| YEVGENLY KLEPACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07CV00030 ERW |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff, Yevgenly Klepach's filing of a second amended complaint.

Plaintiff is an inmate at the Northeast Correctional Center. He filed this civil rights action on June 21, 2007, pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. Specifically, plaintiff alleged that defendants were violating his constitutional rights by denying him the ability to communicate with those outside the prison in his native Russian language. Plaintiff also complained that he has not been given the opportunity to practice his religion and that he was forced to take medicine for tuberculosis, which he does not have.

On October 22, 2007, the Court granted plaintiff's motion to proceed in forma pauperis and ordered plaintiff to file a second amended complaint because he had not

identified which of the nine defendants had purportedly engaged in the specific acts which allegedly violated his rights. See, e.g., Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff was warned that his second amended complaint would be the only complaint which the Court would review, and he was specifically told that he must include "all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint." Plaintiff was instructed that his failure to comply with the Court's Order would risk "dismissal of one or all defendants."

Despite the warnings provided, rather than file a second amended complaint, plaintiff filed a letter, addressed to the undersigned, again broadly asserting that his constitutional rights had been violated. The letter did not, however, set forth facts which tied each defendant to the purported acts being complained of, as plaintiff had previously been instructed. Accordingly, the second amended complaint is not in compliance with the Court's October 22, 2007 Order.

Taking into consideration the fact that plaintiff is proceeding pro se and informa pauperis, the Court will grant plaintiff time to file a third amended complaint.

Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.[1] Plaintiff is reminded that his third amended complaint will supersede his original complaint and his second amended complaint and will be the only complaint the Court reviews. Thus, plaintiff must include in the "Caption" of the third amended complaint all the defendants he wishes to sue, and in the "Statement of the Claim," he must set out specific facts against each named defendant. Plaintiff risks dismissal of the complaint if he fails to comply with this Court's instructions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a third amended complaint within thirty (30) days from the date of this Order. In the third amended complaint,

---

[1] The Court notes, however, that it appears that several of plaintiff's current claims are frivolous and/or fail to state a claim upon which relief can be granted. For example, among other claims, plaintiff alleges that he was forced to take medicine for tuberculosis (which he tested positive for) and denied the ability to communicate with those outside the prison in his native Russian language. It is doubtful that either of these claims, as currently pleaded, could survive frivolity review. See, e.g., Parks v. McCoy, 35 Fed. Appx. 239 (7th Cir. 2002) (allegation that prisoner was misdiagnosed as suffering from tuberculosis and was forced to take medication which made him sick was insufficient to state an Eighth Amendment claim for inadequate medical care); see also, Escoe v. Wankum, 21 F.3d 432 (8th Cir. 1994); Ortiz v. Fort Dodge Correctional Facility, 368 F.3d 1024 (8th Cir. 2004) (finding that the prison's policy prohibiting prisoners from writing letters to family members in Spanish did not violate the First Amendment, as prison officials have a legitimate interest in monitoring mail for security reasons).

plaintiff shall complete in its entirety the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.[2] Specifically, in the "Caption" on page 1 of the form complaint, where plaintiff is instructed to enter on the blank lines the full names of all defendants in this action, plaintiff must write the name of each and every defendant he wishes to sue, and in the "Statement of Claim" he shall set forth as to each defendant who is named in the "Caption" the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that he claims the defendant violated. If plaintiff needs additional space to list the names of all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the third amended complaint and clearly identify them as part of his "Caption" or "Statement of Claim." Last, plaintiff must sign the third amended complaint. Plaintiff is advised that his third amended complaint will supersede all of the complaints he has submitted to date, and it will be the only complaint this Court reviews.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form for a prisoner to file a "Complaint Under the Civil Rights Acts, 42 U.S.C. § 1983."

---

[2]The Court will instruct the Clerk of Court to provide plaintiff with the proper form.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the third amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

So Ordered this 19th Day of December, 2007.

  _E. Richard Webber_ (signature)

  _____
  E. RICHARD WEBBER
  UNITED STATES DISTRICT JUDGE